UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x
RENY RIVERO,

    Plaintiff,

-against-

AMERICA'S RECOVERY
SOLUTIONS, LLC,

    Defendant.
-------------------------------------------------- x

MEMORANDUM & ORDER

15 Civ. 3359 (ENV) (LB)
13

VITALIANO, D.J.

  Reny Rivero, a frequent filer who is once again proceeding *pro se*, brought this action asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692d, 1692e, 1692g, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the New York City Consumer Protection Laws and Regulations, N.Y.C. Admin. Code §§ 20-494, 20-700-02; N.Y.C.R.R. tit. 6, § 5-77. By memorandum and order, dated April 30, 2015, Rivero's motion for default judgment was granted against America's Recovery Solutions, LLC. (Mem. & Order, ECF No. 29). After he voluntarily discontinued his claims against a second defendant, who was not included in the motion for default judgment, Rivero's default judgment motion was referred to Magistrate Judge Lois Bloom for an inquest as to damages. (Mem. & Order, ECF No. 35).

  On November 30, 2015, Magistrate Judge Bloom issued a Report and Recommendation ("R&R") that recommended (a) reconsideration of the order granting default judgment as to Rivero's city law claims, and (b) an award of $2,673.50 in damages on Rivero's FDCPA and



1

TCPA claims. No party has filed objections to the R&R. For the reasons stated below, the R&R is adopted in its entirety.

## Legal Standard

In reviewing the report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Where no timely objection has been made, the district court may adopt the report and recommendation, "provided no clear error is apparent from the face of the record." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014).

## Discussion

Concerning the April 30, 2015 order granting default judgment, that order effectively found in favor of Rivero on the question of liability based on defendant's failure to respond to the complaint, and excused Rivero's failure to comply with Local Civil Rules 7.1(a) and 55.2(b) due to his *pro se* status. (Order at 2-3, ECF No. 29). The Second Circuit has recently explained that "prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Finkel v. Romanowicz*,

577 F.3d 79, 84 (2d Cir. 2009)). The April 30, 2015 order did not formally consider whether Rivero's allegations against defendant stated a plausible claim on which relief could be granted. It is not a fatal flaw.

"There is no question that a district court has the authority to 'revise[ ]' any non-final order 'at any time before the entry of a judgment.'" *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 212 (2d Cir. 2010) (quoting Fed. R. Civ.P. 54(b)). To that end, the order granting Rivero's motion for default judgment is vacated and modified to permit consideration of the sufficiency of his allegations.

Within the referral to her, Magistrate Judge Bloom considered whether Rivero's allegations were sufficient to establish defendant's liability as to each of the claims. She concluded that Rivero met this burden as to his TCPA and FDCPA claims. (R&R at 4-11). As to the administrative code claims, she noted that "[o]nly the [Department of Consumer Affairs] Commissioner can bring suit and impose the penalties under the provisions Plaintiff invokes." (*Id.* at 11-12 (citing N.Y.C. Admin. Code § 20-104; *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 476 (E.D.N.Y. 2009))). Magistrate Judge Bloom therefore recommended that default judgment be denied as to the administrative code claims. (R&R at 12). It was further recommended that Rivero be awarded statutory damages of $1500 for violations of the TCPA and $750 for violations of the FDCPA, as well as $423.50 in costs. (*Id.* at 7-11).

In accord with the applicable clear error standard of review, the Court finds Magistrate Judge Bloom's R & R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts it in its entirety as the opinion of the Court.

## Conclusion

In line with the foregoing, Magistrate Judge Bloom's Report and Recommendation, dated November 30, 2015, is adopted in its entirety as the opinion of the Court. The April 30, 2015 memorandum and order, on the administrative code claims, is vacated and that branch of the motion is denied to the extent that it granted default judgment as to plaintiff's TCPA and FDCPA claims. Plaintiff's administrative code claims are dismissed with prejudice.

Although plaintiff paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment for plaintiff of $2250 with costs of $423.50, in accordance with this memorandum and order, and to close this case.

So Ordered.

Dated: Brooklyn, New York
February 14, 2016

/S/ USDJ VITALIANO

ERIC N. VITALIANO
United States District Judge

4